UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT HUDAK, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-551 |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Hartford Accident & Indemnity Company's motion for leave to file an exhibit under seal.[1] For the following reasons, the Court denies the motion.

## I.    LEGAL STANDARD

"[T]he public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its

---

[1]    R. Doc. 30.

1

fairness." *Id.* at 849 (alteration in original) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (alteration in original) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

The common law right of access to judicial records, though, "is not absolute." *Van Waeyenberghe*, 990 F.2d at 848. "A court may deny access to records if the records become a vehicle for improper purposes." *Holy Land*, 624 F.3d at 689 (citing *Nixon*, 435 U.S. at 597-98). When deciding whether to deny access to records, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. This balance requires considering "the presumption in favor of the public's access to judicial records." *See id.* at 849. The Fifth Circuit "has not assigned a particular weight to the presumption," nor has it found that either party has a burden of proof. *Bradley v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). Nevertheless, "a court must use caution in exercising its discretion to place records under seal." *See*

2

*Holy Land*, 624 F.3d at 689. In other words, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) ("In our view, courts should be ungenerous with their discretion to seal judicial records.").

Ultimately, though, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. In making that decision, the Fifth Circuit has stressed the value it places on "detailed, clear, and specific findings made by a district court in sealing or unsealing" court records. *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017) (citing *United States v. Chavis*, 111 F.3d 892, 892 (1997) (per curiam) (unpublished)).

## II. DISCUSSION

Defendant here seeks to seal an exhibit that it attaches to two motions[2] for summary judgment.[3] Defendant states that the exhibit is the insurance

---

[2]   R. Docs. 28 & 29.
[3]   R. Doc. 30 at 1.

3

claims file associated with this case.[4] It asks to seal the file on the grounds that the file refers repeatedly to a minor child, and that this information would be burdensome to redact.[5]

The Court has reviewed the claims file and finds that, while the interest in protecting information related to a minor child in this case outweighs the interest in access to judicial records, *see Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), sealing the entire claims file here is not warranted. The file totals 1,372 pages and contains numerous discrete documents within it, such as medical records, invoices, education records, litigation documents, insurance policy documents, and correspondence with a claims representative. Large portions of the file make no reference to the child and instead mention only the adult plaintiffs, or no individual at all. The Court therefore finds that the appropriate solution is the redaction of information related to the minor child. *See Sealed Search Warrants*, 868 F.3d at 397 n.5 (citing *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 66 (1989) (stating that "the judicial officer must consider alternatives to sealing the documents" which "ordinarily involves disclosing some of the documents or giving access to a redacted version")); *cf. Dunigan v. Miss. Valley State Univ.*, No. 19-33, 2020

---

[4] *Id.*
[5] *Id.*

WL 2735396, at *2 (N.D. Miss. May 26, 2020) ("The Court finds that sealing the [document] . . . [which] does not mostly consist of private health information . . . is unnecessary and that redaction alone is sufficient . . . .").

Accordingly, the Court denies defendant's motion to seal the exhibit. The Court grants defendant until the submission date of its motions for summary judgment[6] to file a redacted version of the exhibit into the record.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to seal. It is ORDERED that the defendant shall file a redacted version of its Exhibit 1-A into the record by Tuesday, August 31, 2021.

New Orleans, Louisiana, this ⎯⎯18th⎯⎯ day of August, 2021.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] R. Docs. 28 & 29.