UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT HUDAK, ET AL.                                    CIVIL ACTION

VERSUS                                                         NO. 20-551

HARTFORD ACCIDENT AND                          SECTION "R" (1)
INDEMNITY COMPANY

## ORDER AND REASONS

Before the Court are two motions for summary judgment by defendant Hartford Accident & Indemnity Company ("Hartford").[1]  Hartford seeks dismissal of plaintiff's allegations of bad faith arising out of Hartford's assertion that it is entitled to a credit for payments plaintiff received from another uninsured-motorist ("UM") insurer,[2] and plaintiff's assertion that Hartford failed to tender the amount due him.[3]  Plaintiff Robert Hudak opposes summary judgment, specifically as to Hartford's entitlement to a credit, and the adequacy of the amount that Hartford tendered in March of 2019.[4]

---

[1]      R. Docs 28 & 29.
[2]      R. Doc. 28.
[3]      R. Doc. 29.
[4]      R. Doc. 38.

Because there is no genuine dispute of material fact as to plaintiff's claims, and because defendant is entitled to a judgment as a matter of law, the Court grants defendant's motions for summary judgment.

## I.    BACKGROUND

This case arises out of an October 25, 2018 vehicle-pedestrian accident on Napoleon Avenue in New Orleans.[5]  As plaintiff was walking his minor son to school, a car ran a red light and struck the plaintiff, injuring him.[6]  The car's driver and owner were both uninsured.[7]  Plaintiff made a claim on GEICO, his personal uninsured-motorist bodily-injury (UMBI) insurer.[8]  GEICO tendered its full policy limit of $100,000 to the plaintiff.[9]

Hartford is the UMBI insurer of plaintiff's wife, Jennifer Harper.[10]  The policy provides coverage to plaintiff as Harper's spouse, who lives in her household.[11]  The policy has a UMBI limit of $1,000,000.[12]  On March 15, 2019, after receiving notice that GEICO had tendered its policy limit to

---

[5]    R. Doc. 28-2 ¶ 1.
[6]    *Id.*
[7]    R. Doc. 29-5 at 2-3.
[8]    R. Doc. 28-5 at 1-2.
[9]    *Id.*
[10]   R. Doc. 29-7 at 16.
[11]   *Id.* at 42.
[12]   *Id.* at 15.

plaintiff,[13] Hartford tendered an initial $100,000 to plaintiff.[14]   Four days later, it tendered its $5,000 limit for Medical Payment Benefits ("MPB").[15] On August 27, 2019, following an investigation into Hudak's assertions of continued injury, Hartford tendered another $198,346.87 to plaintiff.[16]   To date, Hartford had paid $298,346.87 to plaintiff pursuant to its UMBI policy with Harper.[17]   Combined with Hartford's $5,000 MPB payment, and GEICO's $100,000 tender, plaintiff has received a total of $403,346.87 from the two insurers.[18]

On November 14, 2019, plaintiff filed suit against Hartford in the Civil District Court for the Parish of Orleans, alleging that Hartford acted in bad faith, and in an arbitrary, capricious, and unreasonable manner, in violation of La. R.S. §§ 22:1295 and 22:1973.[19]   Specifically, plaintiff alleges that Hartford (1) failed to tender an adequate amount,[20] (2) misrepresented the terms and conditions of its policy, and wrongfully attempted to claim a dollar-for-dollar credit for sums tendered by another UM carrier,[21] and (3)

---

[13]     R. Doc. 29-5 at 26.
[14]     R. Doc. 37-2 at 160.
[15]     *Id.* at 159; *see also id.* at 150.
[16]     *Id.* at 96.
[17]     *Id.* at 3.
[18]     *See* R. Doc. 28-4 ¶¶ 6-8, 10.
[19]     R. Doc. 1-1 ¶ 13.
[20]     *Id.*
[21]     *Id.* ¶ 15.

miscalculated the amount of its obligation pursuant to its UM coverage.[22]  On February 14, 2020, defendant removed the case to federal court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[23]

Hartford now moves for summary judgment on plaintiff's claims.[24]  It argues that it is entitled to a $100,000 credit when making its tenders to plaintiff, because it is a solidary obligor with GEICO.[25]  It argues that, therefore, the Court should dismiss plaintiff's bad-faith claims for misrepresenting the policy and miscalculating its obligation.[26]  Hartford also seeks summary judgment dismissing plaintiff's claim for bad-faith failure to tender.[27]  Hartford argues that it never received satisfactory proof that the tortfeasors were uninsured or underinsured,[28] and that, regardless, its tenders to plaintiff were timely and adequate.[29]

Plaintiff opposes these motions,[30] arguing that Hartford is not entitled to the $100,000 credit because Hartford and GEICO held distinct and

---

[22]   *Id.* ¶ 16.

[23]   R. Doc. 1 ¶ VII.

[24]   R. Docs. 28 & 29.

[25]   R. Doc. 28-1 at 4-7.

[26]   *Id.* at 8-10.

[27]   R. Doc. 29.

[28]   R. Doc. 29-1 at 9-10.

[29]   *Id.* at 10-14.

[30]   Plaintiff filed only one opposition memorandum to Hartford's two summary-judgment motions.  *See* R. Doc. 38.  Plaintiff does not state that he opposes both motions, nor does he specify which of the two

separate obligations to the plaintiff.[31]  Plaintiff also contends that a factual issue exists as to whether Hartford's tender as of March 2019 was sufficient.[32]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or

---

motions he opposes.  His four-page memorandum merely notes that he "oppose[s] the Partial Motion for Summary Judgment of Hartford Accident and Indemnity Company," and that "Hartford's partial motion for summary judgment [should] be denied."  *Id.* at 1, 4.  But the substance of his opposition memorandum addresses Hartford's entitlement to a credit, and the adequacy of Hartford's tender in March of 2019.  These arguments span both of Hartford's summary-judgment motions.  The Court proceeds through Hartford's arguments as styled, and assumes that plaintiff opposes summary judgment on all of the issues on which Hartford seeks it.

[31]   *Id.* at 3-4.

[32]   *Id.* at 2, 4.

weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's

6

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

The parties dispute whether Hartford is a solidary obligor with GEICO, such that it is entitled to a credit of $100,000 based on GEICO's payment to plaintiff. Under Louisiana law, "[a]n obligation is solidary for the obligors

7

when each obligor is liable for the whole performance." La. C.C. art. 1794. An obligation can be solidary even if "it derives from a different source for each obligor." La. C.C. art. 1797; *see also Hoefly v. Gov't Emps. Ins. Co.*, 418 So. 2d 575, 579 (La. 1982) ("The obligation may be in solido even though the obligations of the obligors arise from separate acts or by different reasons.").

Louisiana courts have found that UM insurers providing coverage to the same claimant, for the same injuries, are solidary obligors. *See Hull v. La. Indem. Co.*, 606 So. 2d 923, 926 (La. App. 3 Cir. 1992) ("[A]ll three uninsured motorist carriers were obligated to pay plaintiff's uninsured motorist claim. Therefore, all of the . . . carriers were solidarily liable to plaintiff. Payment by [two of the carriers] extinguished the debt as to plaintiff."); *cf. Bellard v. Am. Cent. Ins. Co.*, 980 So. 2d 654, 663-64 (La. 2008) (finding solidary liability between a UM carrier and the plaintiff's employer and/or its workers' compensation insurer); *Hoefly*, 418 So. 2d at 579-80 (finding solidary liability between a UM carrier and a tortfeasor). The Louisiana Supreme Court has emphasized that "it is the coextensiveness of the obligations for the same debt which creates the solidarity of the obligation." *Bellard*, 980 So. 2d at 664 (citations omitted).

If an obligation is solidary, "[a] performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." La. C.C.

8

art. 1794.  Therefore, if one solidary obligor pays a portion of the obligee's debt, the other obligor is entitled to a credit for the payment made.  *See Bellard*, 980 So. 2d at 666 (granting a UM carrier a credit equal to the amount previously paid by the claimant's employer and workers' compensation insurer because, "as to . . . the payment of lost wages and medical expenses, payment of the debt by one exonerates the other from liability to the creditor").  This credit is "necessary in order to comply with the principles of solidary liability," and "prevents the [claimant] from receiving a double recovery."  *Id.* at 671.

Here, Hartford and GEICO are plainly obligated to the "same debt." *Id.* at 664.  Specifically, both insurance policies provide coverage to plaintiff for bodily injuries caused by uninsured or underinsured motorists.  *See Hull*, 606 So. 2d at 926.  Under Louisiana law, it is of no issue that the two obligations "derive[] from a different source"—in this case, two distinct insurance policies.  *See* La. C.C. art. 1797; *Hoefly*, 418 So. 2d at 579.  What matters is that the obligations of Hartford and GEICO are coextensive as to plaintiff.  *Bellard*, 980 So. 2d at 664.  Further, because Hartford and GEICO are solidarily liable for plaintiff's UMBI debt, Hartford is entitled to a credit

for GEICO's $100,000 payment to plaintiff.[33]  *See* La. C.C. art. 1794 ("A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee."); *Bellard*, 980 So. 2d at 671 (holding that plaintiff's UM insurer is "entitled to a credit for all compensation benefits . . . received by the plaintiff" from the UM insurer's solidary obligor).  Awarding this credit to Hartford "prevents the plaintiff from receiving a double recovery."  *Id.*

Plaintiff's claim that Hartford is not entitled to a credit is the sole basis for his allegations that Hartford acted in statutory bad faith, under La. R.S. § 22:1973, by (1) misrepresenting the terms of its policy, and (2)

---

[33]  The Court notes that Hartford's policy covering plaintiff's injuries contains a *pro rata* clause, which states: "If there is other applicable similar insurance, we will pay only our share of the loss.  Our share is the proportion that our limit of insurance bears to the total of all applicable limits."  R. Doc. 28-7 at 41.  This clause governs only the proportionate contributions of Hartford and GEICO, and does not alter or undermine the solidary nature of the insurers' obligation as to plaintiff.  *See Hull*, 606 So. 2d at 926-27 (finding that three UM insurers are solidary obligors as to plaintiff's UM damages, meaning that "[p]ayment by [two of the insurers] extinguished the debt as to plaintiff," but that *pro rata* clauses in their policies permitted the paying obligors to "seek contribution from the non[-]paying obligors").  Accordingly, the *pro rata* clause does not affect Hartford's entitlement to a credit for GEICO's tender, when calculating the amount of its obligation to plaintiff.

miscalculating its obligation to plaintiff.[34]   Having found that Hartford is indeed entitled to a credit for GEICO's payment to plaintiff, the Court finds that Hartford did not "knowingly" misrepresent the terms of its policy, nor miscalculate the amount of its obligation to plaintiff.   *See* La. R.S. § 22:1973(B).   Accordingly, the Court grants defendant's motion for summary judgment on its entitlement to a credit, and the absence of misrepresentation of the policy or miscalculation of the amount of its obligation.[35]   Plaintiff's bad-faith claims as to misrepresenting the policy[36] and miscalculating the amount of the obligation[37] are dismissed.

Hartford also seeks summary judgment on plaintiff's claim that Hartford acted in bad faith for failing to tender an adequate amount to plaintiff.[38] Under Louisiana law, an insurer breaches its duties to the insured if it "knowingly" "fail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause."   La. R.S. § 22:1973(B)(5).   A violation of this provision

---

[34]   Plaintiff's opposition memorandum focuses almost exclusively on the assertion that Hartford is not a solidary obligor with GEICO.   *See* R. Doc. 38.

[35]   R. Doc. 28.

[36]   R. Doc. 1-1 ¶ 15.

[37]   *Id.* ¶ 16.

[38]   R. Doc. 29; *see also* R. Doc. 1-1 ¶ 13.

requires the claimant to show (1) that it submitted satisfactory proof of loss, and (2) that the insurer thereafter exhibited a "vexatious refusal to pay." *Guillory v. Lee*, 16 So. 3d 1104, 1127 (La. 2009) (quoting *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003)).

Here, Hartford contends that it never received satisfactory proof of loss, because the only document it received regarding the uninsured status of the vehicle's driver, Raychell Harris, was an unsigned affidavit transmitted by plaintiff's counsel.[39]   Under Louisiana UM insurance law, satisfactory proof of loss requires the claimant to "fully apprise the insurer that . . . the owner or operator of the other vehicle involved in the accident was uninsured or underinsured." *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985).  The Court finds that the unsigned affidavit submitted by plaintiff does not constitute satisfactory proof of loss.   The affidavit, which Hartford received directly from plaintiff's lawyer,[40] is not signed, dated, or notarized.[41] There is no indication that Raychell Harris, the purported affiant, ever saw this document, much less reviewed and attested to it.  And plaintiff nowhere represents that he ever sent Hartford a signed version of this affidavit, nor does he otherwise vouch for the affidavit's validity.  Accordingly, the Court

---

[39]   R. Doc. 29-1 at 4, 9-10.
[40]   R. Doc. 29-5 at 1.
[41]   *Id.* at 3.

finds that plaintiff did not provide Hartford with information that would "fully apprise" it that the "operator of the . . . vehicle involved in the accident was uninsured or underinsured." *Id.*

Hartford further contends that, even if plaintiff had submitted satisfactory proof of no insurance, there is no evidence that Hartford's March 2019 tender of $100,000 was made in bad faith.[42]  Louisiana law requires an insurer that has received satisfactory proof of loss to make an unconditional tender to the claimant, in an amount "over which reasonable minds could not differ." *Id.* at 1092.  On March 15, 2019, Hartford tendered $100,000 to plaintiff.[43]  Hartford represents, and the record supports, that this tender was based on plaintiff's four days of hospitalization, surgery to repair his leg fractures, and $73,748.91 in medical expenses.[44]  As of the date of the tender, plaintiff had been paid $200,000 for his injury, consisting of $100,000 from Hartford and $100,000 from GEICO.[45]  This total was more than twice the amount of Hudak's documented medical expenses at the time.  Hartford

---

[42]   R. Doc. 29-1 at 10-12.

[43]   R. Doc. 37-2 at 160.

[44]   R. Doc. 29-1 at 12; *see* R. Doc. 37-2 at 53-64 (hospital and EMS bills totaling $73,748.91).

[45]   R .Doc. 28-4 ¶¶ 6-7.

contends that "reasonable minds could not differ" as to the adequacy of this amount.[46]  *Id.*

In response, plaintiff merely asserts that "a factual issue exists as to whether the combined tenders totaling $200,000 . . . were sufficient."[47]  But this "unsupported allegation[] . . . setting forth [an] 'ultimate or conclusory fact[] and conclusion[] of law' [is] insufficient to . . . defeat a motion for summary judgment." *Galindo*, 754 F.2d at 1216 (citations omitted).  Plaintiff makes no attempt to explain what "factual issues" remain in dispute, nor does he offer any reasons or evidence why the tender was inadequate.  He does not indicate what sum Hartford should have tendered in March of 2019, nor what medical costs or other damages the sought-after amount would have covered.  Plaintiff's four-page opposition memorandum cites no legal authority on bad faith, and points to no summary-judgment evidence whatsoever.[48]  The Court finds that plaintiff has failed to raise an issue of fact that "reasonable minds could . . . differ"  over the adequacy of Hartford's March 2019 tender. *McDill*, 475 So. 2d at 1092.

Hartford further contends that there is no evidence suggesting that its subsequent tender of an additional $198,346.87 in August of 2019 was made

---

[46]  R. Doc. 29-1 at 12.
[47]  R. Doc. 38 at 4.
[48]  *Id.*

in bad faith.[49]   Hartford points to evidence that, in April of 2019, plaintiff provided new information suggesting nonunion of Hudak's leg fracture.[50]   In response, Hartford requested additional information from plaintiff regarding his injuries,[51] and retained an expert, Charles G. Haddad, Jr., to conduct a review of plaintiff's medical records.[52]   On August 15, 2019, Dr. Haddad opined that, if Mr. Hudak's fracture did not show signs of healing at his next follow-up appointment, he would likely require "additional surgical management of the tibial nonunion."[53]   On August 27, 2019, Hartford tendered an additional $198,346.87 to plaintiff.[54]   And in its summary-judgment motion, Hartford cites evidence indicating that Hudak ultimately did not require surgery.[55]   Plaintiff makes no argument, and submits no evidence, contesting the adequacy of the August 2019 tender, nor does he contend that the tender was made in bad faith.[56]   Indeed, plaintiff's total

---

[49]   R. Doc. 29-1 at 12-14.

[50]   *Id.* at 13; *see also* R. Doc. 37-2 at 34-36.

[51]   R. Doc. 37-2 at 33 ("In reviewing your additional demand of April 16, 2019, . . . [w]e would like to review a report for X-Ray images of the unhealed fracture in order to properly evaluate this claim.  Please provide . . . this report along with any other additional medical records you may have regarding your client's claim.").

[52]   *Id.* at 27.

[53]   R. Doc. 29-5 at 10-11.

[54]   R. Doc. 37-2 at 96.

[55]   R. Doc. 29-1 at 14; *see also* R. Doc. 29-8 at 2-3.

[56]   In his opposition to summary judgment on failure to tender, plaintiff contests only the adequacy of the March 2019 tender.  *See* R. Doc. 38

compensation as of that juncture, including GEICO's payment for which Hartford was entitled to a credit, was $403,346.87.[57]

Because plaintiff has failed to create an issue of fact that either Hartford's March or August 2019 tenders was made in bad faith, Hartford is entitled to summary judgment dismissing plaintiff's claims for bad-faith failure to tender.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motions for summary judgment.

New Orleans, Louisiana, this ___5th___ day of October, 2021.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

at 2 ("[T]he total of the two tenders *as of March 15, 2019* was woefully inadequate to meet the standards set forth in the bad faith statute that the tender be in an amount to which reasonable men would agree would fairly compensate plaintiff for his damages.") (emphasis added); *id.* at 4 ("[A] factual issue exists as to whether the combined tenders totaling $200,000 *in March 2019* were sufficient to compensate plaintiff for an amount of damage which reasonable men would conclude was owed to the plaintiff.") (emphasis added).

[57] *See* R. Doc. 28-4 ¶¶ 6-8, 10.

16